Filed 1/21/21  P. v. Jenkins CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075520 |
| v. | (Super.Ct.No. FVI8002048) |
| RAYMOND EUGENE JENKINS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Tony Raphael, Judge.  Affirmed.

Kirstin M. Ault, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Raymond Eugene Jenkins entered a no contest plea to one count of rape in violation of California Penal Code section 261, subdivision (a)(2), and admitted an enhancement for great bodily injury under section 12022.7.[1]  The trial

---

[1]  Undesignated statutory references are to the Penal Code.

1

court sentenced him to 11 years in prison, reflecting the upper term of eight years for the rape and three consecutive years for the enhancement. As well, the court imposed a $70 court operations fee and a $300 restitution fine, and it stayed the restitution fine pending successful completion of parole.

Appointed counsel filed an opening brief raising no issues. (See *People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738.) We advised Jenkins that he could file a supplemental brief, and he did so. His supplemental brief consists of fifteen handwritten lines in which he denies raping anyone. The brief does not develop an argument nor cite to the record.

Before pleading no contest, Jenkins signed and initialed in numerous places a three-page plea form that contained extensive advisements. At his plea hearing, the court read the charges and the operative terms of the plea agreement, and Jenkins stated that he understood them. In particular, Jenkins confirmed that he understood the agreement called for a stipulated 11-year sentence. He confirmed that he agreed to the terms of the agreement and that his no contest plea would be treated the same as a guilty plea. He pled no contest to the rape allegation and admitted the great bodily injury enhancement. Pursuant to the parties' agreement, the People dismissed four enhancements alleged in the information.

At his plea hearing, the parties agreed that charges in the information and the preliminary hearing transcript provided a factual basis for that plea. According to the facts presented at the preliminary hearing, Jenkins repeatedly raped Jessica,

his biological daughter, over eight months in 2006. The rapes began shortly after she turned 21 in March, and she became pregnant and gave birth to a baby boy. A police officer testified that Jenkins admitted fathering the boy but claimed the sex was consensual. The officer testified that Jenkins had written an apology letter.

Here, the trial court record contains nothing that can support setting aside the plea. There was no objection nor contested issue at the plea hearing or at sentencing. Jenkins filed no motion to set aside his plea for good cause pursuant to section 1018. There is nothing in the record or in the supplemental brief that provides reason to conclude that such a motion could be viable. (See, e.g., *People v. Dillard* (2017) 8 Cal.App.5th 657, 665 ["A plea may not be withdrawn simply because a defendant has changed his or her mind."])

We have reviewed the entire record and are satisfied that Jenkins' attorney has fully complied with the responsibilities of counsel and that no arguable issues exist. (See *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
                                                    J.

We concur:

RAMIREZ _____
                P. J.

SLOUGH _____
                J.